# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2012

No. 11-20845
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRISTOBAL ALBERTO GARCIA PENA, also known as Cristobal A. Garcia, also known as Cristobal Alberto Garcia, also known as Cristobal Alberto Pena Garcia, also known as Cristobal Alberto Garcia-Pena,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-759-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Cristobal Alberto Garcia Pena (Garcia) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Garcia argues that his sentence was substantively unreasonable. He maintains that his within-guidelines range sentence should not be considered presumptively reasonable because U.S.S.G. § 2L1.2 is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20845

empirically based, but he acknowledges that this argument is foreclosed. He further contends that the presumption of reasonableness has been rebutted because the district court made a clear error of judgment in balancing the sentencing factors. Garcia asserts that the sentence was greater than necessary to meet the needs of sentencing under 18 U.S.C. § 3553(a) because it did not sufficiently account for his cultural assimilation, the double counting of his criminal history in both his offense level and criminal history category, and his family circumstances. He argues that the district court did not give proper weight to the mitigating factors he presented because it concentrated only on his criminal history.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As Garcia concedes, his argument that his within-guidelines range sentence should not be considered presumptively reasonable because § 2L1.2 is not empirically based is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court had before it both mitigating and aggravating factors. The district court balanced these factors, and it determined that a sentence at the bottom of the guidelines range was appropriate. We conclude there is no reason to disturb the presumption of reasonableness in this case. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.